IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF SOMERSET,

ARGUED JUNE TERM, 1847.

---

## FRANKLIN SMITH & al. versus CALVIN P. BODFISH.

In trespass *quare clausum*, where the plaintiff produces a deed from the county treasurer, purporting to convey the land for the payment of taxes assessed thereon, a mere stranger, without semblance of title, cannot object, under the general issue, that such treasurer had not observed the rules of law, in making the sale.

But if the defendant produces a *prima facie* title to the land, the plaintiff, to support his tax title, must show that the provisions of law, authorizing such sale, have been strictly complied with.

The county treasurer, in making sale of a township of unincorporated land, to pay the taxes assessed thereon, by the county commissioners, for the purpose of making a road through the same, cannot exempt any portion of the township, except the reserved public lots, from its liability for the tax, unless owned by individuals who have paid their proportions of the tax; and regularly it should appear, in order to authorize a sale of the residue, by the recitals in the deed, who had so paid previously to the sale, and the amount paid by each, and the quantity of land on which each payment had been made.

Where a deed of a township of land has been made, and there are excepted tracts therein amounting to half the whole township, it is incumbent on the grantee, claiming title to a particular lot under such deed, to show that such lot is not included in the excepted tracts.

In this case the facts are stated in the opinion of the Court. The recital of the tax in the deed of the county treasurer,

was in these words. "The said county commissioners order-
ed among and in connexion with other assessed tracts, through
which said road passed, that the sum of one cent and four
mills per acre, be assessed upon the unreserved land, in town-
ship No. 3, 3d range, in said county, estimated to contain,
exclusive of lands reserved for public uses, twenty-three thous-
and four hundred fourteen acres and five-eighths of an acre,
amounting to the sum of nine hundred and twenty-three dol-
lars; and whereas said order was duly certified," &c.

A copy of the *record of the certificate* to the county treas-
urer was among the papers in the case, which describes the tax
on this township, thus: — "On township No. 3, 3d range,
estimated to contain twenty-three thousand four hundred and
fourteen acres and five-eighth acres, exclusive of lands reserved
for public uses, a tax of eight cents and two mills on each acre,
amounting to one thousand nine hundred and twenty dollars.
$1920."

In the county treasurer's return of his doings, is this state-
ment: — "And the assessment upon township No. 3, in the
3d range, remaining unpaid, except the following described
quantities of land, viz: 223 acres owned by Moses Green, 126
acres owned by Gustavus A. Grant, 150 acres owned by
Joseph Viles, 188 acres owned by George Viles, 8000 acres
owned by Dennis Moore, 1000 acres owned by Samuel Wy-
man, 500 acres (being No. 7, 8 and 9, lots on north side of
Dead River,) owned by Abraham Wing, 1500 acres owned by
Daniel G. Witham, and 573 acres owned by Ephraim Heald
and Luke Houghton, amounting in the whole to 12260 acres."
"And on said 11th day of November, A. D. 1835, at said
court house, the township No. 3, in 3d range, (with the excep-
tion of lands therein reserved for public uses, and the further
exception of twelve thousand two hundred and sixty acres, own-
ed by Moses Green and others above specified,) I sold at public
vendue, to Rufus K. J. Porter, for the sum of nine hundred
and thirty-five dollars and seventy-five cents," &c.

The description of the premises in the deed from the treas-
urer to Porter, was thus: — "I sold at public auction, the

Smith v. Bodfish.

whole of said township, (excepting the land reserved for public uses,) and further excepting 12262 acres, owned or claimed by the following persons, viz: Moses Green, Gustavus A. Grant, Joseph Viles, George Viles, Dennis Moore, Samuel Wyman, Abraham Wing, Daniel G. Witham, E. Heald and Luke Houghton, to Rufus K. J. Porter."

The whole township was described in the plaintiff's writ as their close.

*Bronson* and *H. A. Smith*, for the plaintiffs, said that the plaintiffs claimed the whole of township No. 3, 3d range, by virtue of a deed from the county treasurer, and that the taxes had all been paid, and the land redeemed, excepting lots 11, 12 and 13. Two townships were sold on the same day, and by mistake the description of the tax on the other township was inserted in each deed. The other papers, as they contended, were right.

They then referred to papers, which, as they said, proved that the road was legally laid out; that the tax was legally assessed; that the proceedings of the county treasurer were according to law; and that the mistake in the deed, was wholly immaterial; being corrected by the other papers.

But they contended, that it was wholly unnecessary to prove, that the road was legally laid out. Until the proceedings were reversed, they were to be considered good. The commissioners had jurisdiction of the subject matter, and their judgment is conclusive, until reversed, even if there were errors.

They also insisted, that the defendant was but a mere stranger, and without title, and was not in a situation to contest the regularity of the proceedings, or the validity of the deed of the county treasurer, for the plaintiffs were in under their deed from Porter, and that was enough against a stranger.

They cited, 12 Maine R. 235 ; 3 Maine R. 438 ; 2 Maine R. 51 ; 9 Pick. 51 ; Stat. 1821, c. 118, § 23 and 24.

*Noyes*, for the defendant, said that before the plaintiffs could recover, as they claimed under a tax title, and a sale to pay taxes imposed by the county commissioners to build a

road, they must show that the road was legally laid out, that this land was liable to be assessed to pay such tax, and the proceedings in imposing the tax, and the doings in making the sale, were in all respects according to law. *Philbrook* v. *Kennebec*, 17 Maine R. 195; *Brown* v. *Veazie*, 25 Maine R. 359.

A number of particulars were specified, wherein there was an omission to comply with the law, or a proceeding directly opposed to its provisions. Among them was the objection, that the treasurer advertised the whole township for sale, to pay the whole tax upon it, when he was authorized to advertise the portions thereof, on which the taxes remained unpaid, and to have sold such parts only.

There is nothing in these proceedings going to show, that the lots in controversy, or either of them were included in the land sold. There is nothing to prove, that they were not in the excepted land.

The opinion of the Court was drawn up by

WHITMAN C. J. — The plaintiffs allege, that the defendant broke and entered their close, being township No. 3, range 3, west of Kennebec river in Somerset, and there cut and carried away a certain quantity of timber; and have also inserted in their declaration a count in trespass, *de bonis asportatis*, for the timber so taken away. The defendant pleads the general issue, not guilty, in the first place, to both counts, and issue is joined thereon. He then pleads, specially, to the alleged trespass of breaking and entering the close, that the place, where the supposed trespass was committed, was in three several lots in said township, Nos. 11, 12 and 13; and that the soil and freehold in said lots, was in one Burke; and that by license and permission from him, he entered thereon, and cut and carried away certain timber therefrom; and that this is the trespass supposed, in the plaintiff's declaration, to have been committed. To this the plaintiffs reply, that the soil and freehold in the lots named, was in them, and conclude with a traverse. The defendant reaffirms the soil, &c., to be in said

Burke; and the plaintiffs join issue; thus leaving the affirmative, as to this issue, of proving the title in Burke, upon the defendant.

But no evidence is noted in the report of the Judge, of any cutting, &c., as alleged, except in so far as it may be contained in the admission of the defendant, in his plea in justification. In strictness, therefore, the defendant should prevail; for his admissions, in one plea, cannot be admitted in aid of the plaintiffs on an issue arising upon another, containing no such admission.　*Harrington* v. *McMorris,* 5 Taunt. 228.　And it is sufficient for the defendant if he can prevail on either issue.

But the parties would seem to have had in view the ascertainment of the title to the *locus in quo* as presented in reference to the issue upon the title; and the defendant might have raised the same question under the general issue.　*Carr & al.* v. *Fletcher,* 2 Starkie, 71; *Rawson* v. *Morse,* 4 Pick. 127. We may therefore proceed to consider it.

As the general issue is pleaded and joined, the plaintiffs must be expected, in the first instance, to give some evidence of possession to entitle them to maintain trespass; and this they may be supposed to have done by the deeds of Joseph Philbrick, treasurer, &c., to R. K. J. Porter, dated Dec. 25th, 1835, of nearly one half of the township, and of Porter to themselves of a large portion of that conveyed by Philbrick to Porter.　This might be sufficient, if the defendant shows no semblance of ownership, and exhibits himself as a mere trespasser upon the rights of some one.　For it would not be admissible for him, under the general issue, to object that the plaintiffs, by their own showing, were but tenants in common with others; nor, if he had no right to enter upon the land, should he be allowed to object, that Philbrick, who professes to convey as treasurer of the county of Somerset, had not observed the rules of law in making the sale.

But the defendant is not in this predicament.　He has exhibited evidence of title in Burke, under whom he entered, and cut and carried away the timber.　He produces a deed

from one Dolbier to one Colby, dated April 8th, 1835, of the said three lots ; and then a deed from Colby to Burke of the same lots dated Nov. 27th, 1840 ; thus making out a title in Burke, such as will give the defendant a right to call upon the plaintiffs to show that Philbrick's deed was operative, and so as to make their title effectual against the title introduced in the defence. The defendant was also permitted to show, at the trial, that township No. 2, range 1, was taxed by the State and county, for the years 1827, 1828 and 1829 ; and that the taxes were paid. What the payment of these taxes had to do with lots No. 11, 12 and 13 in township 3, range 3, is not perceived.

The deed relied upon by the plaintiffs, made by Philbrick as treasurer of the county of Somerset, contains a recital of his authority for making it. It sets forth, that a tax had been assessed on township 3, range 3, in the county of Somerset, by the county commissioners of that county, for the purpose of repairing a highway through that township, of one cent and four mills on each acre therein, not reserved for public uses, estimated to be twenty-three thousand four hundred and fourteen acres and five-eighths of an acre, amounting to nine hundred and twenty-three dollars ; and that the same was duly certified to him for collection by the clerk of the courts for that county ; and that on the eleventh day of November, 1835, after having duly advertised the said order, and time and place, appointed for the sale of said township No. 3, range 3, he sold the whole of the said township, excepting the land reserved therein for public uses, and also twelve thousand two hundred and sixty acres thereof, owned or claimed by certain individuals (naming them) to said Porter, he being the highest bidder therefor, for the sum of nine hundred thirty-five dollars and seventy-five cents.

Public officers, charged with the power of divesting individuals of their titles to real estate, in pursuance of provisions of law, made for the purpose, must, in their proceedings, be held to a strict compliance with such provisions. And when such officer, in making a deed of any such real estate, recites the

authority for so doing, as it is proper he should do; if his re-
cital is proved to be untrue, and materially so, the conveyance
must be held to be ineffectual and void, unless there be proof,
*aliunde*, of authority to make it.   On examining the record
of the court of county commissioners, produced in support of
the authority of Philbrick, to make the conveyance of the es-
tate to Porter, it does not appear, that any such tax of one
cent and four mills, per acre, amounting to nine hundred and
twenty-three dollars, was imposed on the township in question.
The tax appearing to have been imposed, according to the
copy of the record produced, was eight cents and two mills
per acre, amounting to nineteen hundred and twenty dollars.
And instead of selling the whole of the township, excepting
the reserved lands, by the deed it appears, that more than half
of it, which belonged to, or was claimed by certain individuals,
was exempted from paying any portion of the nine hundred
and twenty-three dollars; and the residue was sold to pay the
same.   The treasurer could not exempt any portion of the
township, except the reserved land, from its liability for the tax,
unless owned by individuals, who had paid their proportions of
the tax; and, regularly, it should appear, in order to authorize
the sale of the residue, by the recitals in the deed, who had so
paid previously to the sale, and the amount paid by each, and
the quantity of land, on which each payment had been made.
If, therefore, the tax intended to authorize the sale, was the
nineteen hundred and twenty dollars, named in the record, and
that sum had been reduced after the advertisement, and before
the sale, by payments made by sundry part owners of the
township, it should so have been set forth in the deed, or have
been proved.

But, if this difficulty were surmounted, there is still another,
arising under the general issue.   It is, that, if the deed to
Porter could be considered as operative, and the admission of
the defendant, that he cut timber on lots No. 11, 12 and 13,
as contained in his special plea, could be available to the plain-
tiffs, under the general issue, still it would not appear that
those lots were any part of the land embraced in a deed from

Porter to the plaintiffs; for the defendant, even in his special plea, makes no admission, that those lots were any portion of the land to which the plaintiffs pretend to give evidence of title. In the first place, it should be observed, that the deed of Philbrick to Porter purported to convey less than one-half of the township; and the parcels excepted from the operation of that conveyance may, for aught that appears, have been held by the individuals named therein, in severalty; and those three lots may have been parts thereof. Again — the deed from Porter to the plaintiffs, excepts quite a number of parcels, which he had previously conveyed, out of what was comprised in the deed to him, amounting in the aggregate to nearly one-half thereof; and those previous conveyances may have been, and it would seem probable from the dimensions of them, of parcels in severalty. And if so, the three lots might be parts of those, so disposed of by Porter. So, that under the general issue, the defence might be deemed complete, even on this ground. *As the case is presented to us a nonsuit must be entered.*